UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEROME KENNEDY** | **CIVIL ACTION NO. 3:14-cv-0171** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **MICHAEL WRIGHT, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Jerome Kennedy, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 3, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (DOC). He is incarcerated at the LaSalle Corrections Center; however, when he filed this complaint he was incarcerated at the Riverbend Detention Center (RDC) and he complained that he was attacked by another inmate and then denied prompt and appropriate medical care. He sued Sgt. Michael Wright, Warden Headgemon, Captain Poche, and Joshua Tillman, the inmate who assaulted him. He prayed for compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to F.R.C.P. Rule 41(b).

*Background*

Plaintiff filed his original complaint on February 3, 2014.  On February 13, 2014, he was ordered to either pay the full filing fee or submit a properly executed application to proceed in forma pauperis. [Doc. 3] That order was returned as undeliverable by the United States Postal

Service. [Doc. 4] On March 19, 2014, the Clerk attempted to notify plaintiff that his complaint was subject to dismissal because he failed to apprise the Court of his address change as required by Rule 41.3. [Doc. 5] That notice was also returned as undeliverable. [Doc. 6] On April 7, 2014, the complaint was dismissed pursuant to Rule 41.3. [Doc. 7] Thereafter, on April 15, 2014, plaintiff advised the Clerk of his current address [Doc. 8] and the Clerk sent another copy of the amend order. Plaintiff submitted his *ifp* application on May 5, 2012. [Doc. 9] and on May 5, 2014 he was granted *ifp* status. [Doc. 12] Thereafter, on May 12, 2014, copies of the order granting *ifp* status and an order reinstating his case were returned as undeliverable by the Postal Service. [Docs. 13-14] On June 16, 2014, plaintiff advised that he was transferred to his present place of confinement. [Doc. 15] On June 17, 2014, the undersigned completed an initial review and ordered plaintiff to amend his complaint within 30 days or on or before June 17, 2014. [Doc. 16] Plaintiff has not complied with the order nor has he requested an extension within which to respond. Further, plaintiff has not been in contact with the court since his June 16, 2014, letter [Doc. 15], a period of 90 days.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint

pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has disregarded that order and his failure to respond warrants dismissal of the complaint.[1] Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[2] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[1] It does not appear that dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, even if the statute of limitations might bar petitioner from re-filing the instant suit, then dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to provide factual support for his conclusory claims; however, he has failed to do so within the time limitation provided.

[2] In the event that plaintiff objects to this Report and Recommendation, he should amend his complaint and provide the information that he was ordered to provide in the Amend Order of June 17, 2014. [See Doc. 16]

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 22, 2014.

**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**